UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AMIR JAMES DERRICK JOHNSON,

                    Plaintiff,                  DECISION & ORDER

        -vs-                               09-CV-6413-CJS

JOHN COLVIN, et al.,

                    Defendants.

_____

**APPEARANCES**

| | |
|---|---|
| For plaintiff: | Amir Johnson, *pro se*<br>08A4286<br>Southport Correctional Facility<br>Box 2000<br>Pine City, NY 14871-2000 |
| For defendants: | Gary M. Levine, A.A.G.<br>New York State Office of the Attorney General<br>144 Exchange Boulevard, Suite 200<br>Rochester, NY 14614 |

**INTRODUCTION**

    **Siragusa, J.** Amir Johnson ("Plaintiff"), a prison inmate previously in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against DOCCS employees John Colvin ("Colvin"), David Napoli ("Napoli"), and Jerome Shope ("Shope") (collectively, "Defendants"), for alleged constitutional violations in connection with a Deprivation Order issued while he was incarcerated at Southport Correctional Facility ("Southport"). Compl., Aug. 17, 2009, ECF No. 1.

In his amended complaint, Plaintiff contends that between May 26 and July 1, 2009, (1) Defendant Colvin placed Plaintiff on deprivation of showers for one month; (2) Defendant Napoli refused to remove the deprivation despite Plaintiff's requests; and (3) Defendant Shope repeatedly recommended that Plaintiff be continuously denied showers, all in violation of Plaintiff's right to due process and to be free from cruel and unusual punishment. Am. Compl. 1-8, Sept. 17, 2009, ECF No. 4.

Now before the Court is the Defendants' motion for summary judgment. ECF No. 7.[1] For the reasons that follow, the motion is granted and Plaintiff's amended complaint is dismissed in its entirety.

**BACKGROUND**

The following facts are undisputed and viewed in the light most favorable to the Plaintiff.

On May 26, 2009, while incarcerated at Southport, Plaintiff was charged with possession of drugs and gang material. The following day, Plaintiff failed a urine test. As a result of these infractions, Deputy Superintendent Colvin issued a Deprivation Order authorizing the deprivation of showers, which was renewed through June 10, 2009. In total, Plaintiff went four days without showers spanning a period of seventeen days.[2]

---

[1] Plaintiff was served with the notice required by *Irby v. N.Y. City Transit Auth.*, 262 F.3d 412 (2d Cir. 2001). ECF No. 10. Plaintiff did not file an opposition to the Defendants' summary judgment motion.

[2] Southport is an all Special Housing Unit ("SHU") facility that houses inmates serving extended sanctions due to disciplinary violations. *See* Decl. of John Colvin, ECF No. 10. Inmates confined to SHU are permitted two showers per week pursuant to New York State Regulations. *See* 7 N.Y.C.R.R. § 304.5.

On May 31, 2009, Plaintiff sent a letter to Superintendent Napoli requesting that his shower privileges be reinstated. That request was answered by Deputy Superintendent Colvin on June 3, 2009, who stated the reason for the Deprivation Order, that the Deprivation Order would be reviewed daily, and that privileges would be restored upon "staff observations of improved behaviors." J. Colvin Memorandum to Amir Johnson, Jun. 3, 2009, *attached to* Colvin Decl. *as* Ex. B, ECF No. 10. The record indicates that the Deprivation Order was reviewed daily through June 12, 2009, which was the date that Plaintiff was next permitted to shower. Colvin Decl. Ex. A.

By a grievance dated July 9, 2009, Plaintiff alleged that he was denied his Eighth Amendment right to be free from cruel and unusual punishment as a result of being denied a shower on June 29, 2009. At that time, however, Plaintiff was not subject to a Deprivation Order, and Southport's log book indicated that he had in fact showered on June 29, 2009. His grievance and subsequent appeals to the facility's Superintendent and Central Office Review Committee regarding his Eighth Amendment claim were denied. Colvin Decl. Ex. C, ECF No. 10.

## STANDARDS OF LAW

*Summary Judgment Standard*

Summary judgment shall be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE,

3

§ 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert. denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

*42 U.S.C. § 1983*

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)).

*Due Process*

To pursue a claim under 42 U.S.C. § 1983 that a defendant deprived him of his constitutional right to due process, a plaintiff must show that he "enjoyed a protected interest, and defendants' deprivation of that interest occurred without due process of law." *Taylor v. Rodriguez*, 238 F.3d 188, 191 (2d Cir.2001) (citation omitted). Thus, reviewing courts "examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State…; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.…" *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

**ANALYSIS**

*Due Process*

Plaintiff's amended complaint alleges that he was deprived of due process when he was issued a Deprivation Order on May 26, 2009, without a hearing. Am. Compl. at 2. Plaintiff did not raise this issue in his July 9, 2009 institutional grievance, and any due process claim is therefore unexhausted and not properly before this Court for review. *See*

*Hallett v. Davis*, No. 11-Civ. 4646(WHP), 2012 WL 4378020, at *3-*4 (S.D.N.Y. Sept. 25, 2012). In any event, Plaintiff fails to state a constitutional claim because he was afforded sufficient due process.

Plaintiff cannot establish that he was deprived of a liberty interest, as courts in this Circuit have held that the types of deprivations complained of here do not constitute protected liberty interests. *See Ford v. Phillips*, No. 05 CIV. 6646, 2007 WL 946703, at *10 (S.D.N.Y. Mar. 27, 2007) (granting summary judgment on inmate's claim that he was denied recreation, showers, and a special meal on four occasions; "These minor and temporary denials clearly do not constitute significant hardships implicating a constitutionally protected liberty interest"); *Pettus v. Geaver*, No. 04-CV-228, 2007 WL 295313, at *2 (N.D.N.Y. Jan. 10, 2007) ("although [plaintiff] contends that he was deprived of shower[s], recreation, toothbrush and toothpaste for 21 days, he has failed to demonstrate that given the limited period of deprivation, these conditions gave rise to a protected liberty interest") (citation and internal quotations omitted).

Moreover, "[i]t has been held that the daily review of deprivation orders, the availability of the inmate grievance program, and the fact that the inmate has a judicial remedy to challenge deprivation orders, and restraining orders, under CPLR article 78 clearly provide due process of law." *Dawes v. Coughlin*, 964 F.Supp. 652, 658 (N.D.N.Y. 1997); *see also Black v. Goord*, No. 03-CV-615, 2007 WL 3076998, at *5 (W.D.N.Y. Oct. 19, 2007); *Dawes v. Coughlin*, 964 F.Supp. 652, 658 (N.D.N.Y. 1997), *aff'd* 159 F.3d 1346 (holding that prisoner's due process rights were not violated by deprivation orders where such orders were reviewed daily and prisoner had access to the inmate grievance program and CPLR Article 78 proceeding). Plaintiff has not alleged that any of these remedies were

unavailable to him, and in fact did write to the Superintendent and received a written response, filed a grievance on July 9, 2009 (albeit failing to raise the due process issue therein), and had his Deprivation Order reviewed daily. As such, no violation of the Fourteenth Amendment occurred, and Defendants' motion for summary judgment is granted with respect to this claim.

### *Eighth Amendment*

Plaintiff also contends that he was denied his Eighth Amendment right against cruel and unusual punishment was violated when he was denied a shower on June 29, 2009. Am. Compl. at 7. His claim fails for two reasons: first, the records indicate that Plaintiff showered on June 29, 2009, and was not subject to a Deprivation Order on that date. Second, to the extent that Plaintiff seeks to allege an Eighth Amendment violation arising out of the Deprivation Order commencing May 28, 2009 and ending June 10, 2009, he fails to establish a constitutional infraction as a matter of law.

"The constitutional prohibition against cruel and unusual punishments is intended to protect inmates from serious deprivations of basic human needs such as adequate food, clothing, shelter and medical care." *Malsh v. Garcia*, 971 F.Supp. 133, 138 (S.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994)). The standard for establishing such a claim is clear:

> An Eighth Amendment claim challenging prison deprivations requires proof of subjective and objective components. Subjectively, the prison officials must have acted with deliberate indifference toward an inmate's health or safety and, objectively, the inmate's deprivation must have been sufficiently serious to have denied that inmate the minimal civilized measure of life's necessities.

*Ford*, 2007 WL 946703, at *9 (S.D.N.Y. Mar. 28, 2007) (citing, *inter alia*, *Branham v.*

7

*Meachum*, 77 F.3d 626 (2d Cir. 1996), quotations omitted).

Several district courts within the Second Circuit, including this Court, have held that temporary deprivations of showers for periods of approximately two weeks, as Plaintiff has alleged here, do not satisfy the objective component of a claim of cruel and unusual punishment. *See George v. McGinnis*, No. 05-CV-84, 2008 WL 4412109, at *4 (deprivation of showers for thirteen days does not satisfy the objective element for an Eighth Amendment claim) (W.D.N.Y. Sept. 28, 2008); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) ("A two-week suspension of shower privileges does not suffice as a denial of basic hygienic needs."); *Ford*, 2007 WL 946703, at *9 (finding that, as a matter of law, minor and temporary deprivations of property, showers and recreation do not violate the Eighth Amendment).

Accordingly, Plaintiff's Eighth Amendment claim must be dismissed as he has failed to set forth a constitutional violation, and the Defendants' motion for summary judgment is granted as to this claim.

**CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment, ECF No. 7, is granted, and Plaintiff's amended complaint, ECF No. 4, is dismissed in its entirety.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the

Federal Rules of Appellate Procedure.

So Ordered.

Dated: February 28, 2013
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge